**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  10-20045-JWL** |
| | ) | |
| **MICHAEL D. WELCH,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

_____

**MEMORANDUM AND ORDER**

On July 26, 2010, defendant Michael D. Welch pled guilty without a plea agreement to felony possession of ammunition (docs. 14, 20).  He received a 204-month sentence on November 9, 2010.  Mr. Welch then filed a direct appeal, challenging the procedural reasonableness of his sentence.  The Tenth Circuit Court of Appeals affirmed the defendant's sentence on September 8, 2011 (doc. 31).

This matter comes before the court on Mr. Welch's Motion to Appoint Counsel (doc. 33).  For the reasons set forth below, this motion is denied.

**ANALYSIS**

Mr. Welch asks the court to appoint an attorney to assist with his motion to vacate, correct, or set aside his conviction pursuant to 28 U.S.C. § 2255.  There is, however, no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994).  "[T]he right to

appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court has the discretionary ability to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B), unless the matter requires an evidentiary hearing.

Here, Mr. Welch does not have a § 2255 petition pending at this time.[1] As such, the court has no basis to grant the defendant appointment of counsel under § 3006A(a)(2)(B).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Appoint Counsel (doc. 33) is denied.

**IT IS SO ORDERED** this 4th day of May, 2012.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Mr. Welch mailed a letter to the court on November 8, 2011. The Clerk of the Court docketed the letter as both a Motion to Appoint Counsel (doc. 33) and a Motion to Vacate under 28 U.S.C. § 2255 (doc. 34). Mr. Welch then filed a Motion to Correct Court's Error (doc. 41), requesting that the letter be construed only as a Motion to Appoint Counsel. The court granted the motion and ordered the Clerk of the Court to amend the docket by removing document 34–Motion to Vacate under 28 U.S.C. § 2255 (doc. 45). As such, Mr. Welch does not have a § 2255 petition pending at this time.