IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff / Respondent, ) | |
| ) | |
| v. ) | Case No. 10-20045-01-JWL |
| ) | Case No. 12-2333-JWL |
| MICHAEL D. WELCH, ) | |
| ) | |
| Defendant / Petitioner. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is presently before the Court on defendant Michael Welch's pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 48). For the reasons set forth below, the Court concludes that defendant is not entitled to relief, and his petition is therefore **denied**.

### I.  Background

Defendant was charged with one violation of the felon-in-possession statute, 18 U.S.C. § 922(g)(1), and he pleaded guilty without a plea agreement on July 26, 2010. The presentence report stated that defendant was subject to a mandatory minimum sentence of 15 years in prison as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1), based on three prior convictions for either violent felonies or serious drug offenses, including two robbery convictions and a drug conviction in Florida state court.

That designation also gave defendant an offense level of 33. *See* U.S.S.G. § 4B1.4 (2010). At sentencing on November 8, 2010, the Court refused to apply an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, based on credible testimony and the Court's finding that defendant had committed a battery of a law enforcement officer since his plea. The Court determined an applicable sentencing guideline range of 188 to 235 months (level 33, criminal history category IV) and imposed a sentence of 204 months. The Court noted that if defendant had been convicted of the battery, he would likely have had an applicable guideline range of 27 to 33 months for that offense, on top of the 180-month mandatory minimum for the felon-in-possession offense.

On August 17, 2011, the Tenth Circuit Court of Appeals affirmed defendant's sentence. That court rejected defendant's argument that the Court's sentence based on the battery finding was unreasonable in violation of the "relatedness principle" or the Sixth Amendment. Defendant filed the instant Section 2255 petition on May 29, 2012.

**II.     Analysis**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b).

*A.     Armed Career Criminal Designation*

2

Defendant first challenges the determination that he was an Armed Career Criminal under 18 U.S.C. § 924(e). In particular, he argues that the Florida drug conviction that was cited among his three applicable prior felonies was not in fact a felony for purposes of this statute because he only served 364 days in prison for that offense. Defendant also claims that his counsel's representation was constitutionally deficient because he failed to make this argument at his sentencing.

The Court rejects this argument. Section 924(e) applies to any person with three prior convictions "for a violent felony or a serious drug offense." *See id.* § 924(e)(1). "Serious drug offense" is defined to include "an offense under State law, involving manufacturing distributing, possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *See id.* § 924(e)(2)(A)(ii). In 1995, defendant was convicted in Florida state court of the crime of possession with intent to sell, manufacture, or deliver cocaine, a second-degree felony under Fla. Stat. § 893.13(1)(a). Under Florida law in effect at the time, a second-degree felony was punishable by a term of imprisonment not exceeding 15 years. *See* Fla. Stat. § 775.082(3)(c). Therefore, this offense would qualify as a "serious drug offense" for purposes of a designation as an Armed Career Criminal under Section 924(e).

The fact that defendant did not serve ten years in prison for this offense, or even one year, is not material, as there is no requirement in the statute that any particular sentence actually have been imposed or served for the prior offenses. Thus, in *United*

3

*States v. Rodriguez*, 553 U.S. 377 (2008), the Supreme Court held that certain of the defendant's state-court convictions were "serious drug offenses" for purposes of Section 924(e) because the state law allowed for a possible ten-year sentence for those offenses, even though the defendant actually received a sentence of only 48 months. *See Rodriguez*, 553 U.S. at 383; *see also id.* at 388 (in having Section 924(e) refer to maximum terms of imprisonment under state law, Congress chose to defer to the judgment of state legislatures concerning whether state drug offenses are "serious"); *United States v. Hill*, 539 F.3d 1213, 1221 (10th Cir. 2008) (Section 924(e) and Section 922(g) demand "that courts focus on the maximum statutory penalty for the offense, not the individual defendant").

For the same reason, the Court rejects defendant's claim that his counsel's performance was constitutionally deficient because he failed to make this argument at sentencing.[1] Under clearly established law, defendant's Florida drug offense did qualify under Section 924(e) for purposes of determining whether defendant was an Armed Career Criminal; therefore, counsel's performance was not deficient in failing to challenge that determination in this case, and defendant cannot have suffered any prejudice from counsel's failure to raise the issue. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("To establish ineffective assistance of counsel, [a]

---

[1]Defendant argues that the Government failed to address his ineffective-assistance claims in its response brief. By addressing the underlying arguments, however, the Government in effect opposed the ineffective-assistance claims as well.

4

[d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance.") (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

### B. *Court's Consideration of the Battery Committed by Defendant*

Defendant also asserts a claim challenging the Court's determination at sentencing that he committed a battery against a law enforcement officer. Defendant notes that he was not formally charged and did not receive a jury trial with respect to any such allegation of a battery. Defendant also claims that his counsel was ineffective in failing to assert such a challenge at sentencing.

The Court rejects these claims as well. The Tenth Circuit rejected just such a challenge in ruling on the direct appeal of defendant's conviction and sentence, and "issues disposed of on direct appeal will not be considered on a collateral attack by a motion pursuant to § 2255." *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). As shown by that ruling, counsel's decision not to raise this issue at sentencing was reasonable, and defendant cannot have suffered prejudice from that decision. This Court would not have acted differently if counsel had raised this issue at sentencing, and although the Tenth Circuit decided this issue under a plain-error analysis, defendant has not cited any authority or otherwise shown that the Court erred in imposing its sentence within the applicable guideline range.[2]

---

[2]Because the motion and records of this case conclusively show that defendant is
(continued...)

5

### III.     Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the same reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right; the Court therefore denies a certificate of appealability with respect to the claims asserted in defendant's petition.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 48) is **denied.**

IT IS SO ORDERED.

---

[2](...continued)
not entitled to relief, the Court need not conduct a hearing on his claims. *See* 28 U.S.C. § 2255(b).

[3]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 19th day of October, 2012, in Kansas City, Kansas.

                                              s/ John W. Lungstrum  
                                              John W. Lungstrum  
                                              United States District Judge